IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MICHIGAN

The Huntington National Bank,
successor by merger to TCF National
Bank and Chemical Bank,

    Plaintiff,

vs

Pere Marquette Builders, L.L.C., a Michigan
Limited liability company, Scot Latimer
and Quality Construction and Excavation,
Inc., a Michigan corporation,

    Defendants.

Case No. 1:23-cv-1106
Hon.
Mag. Judge

_____

## COMPLAINT

Plaintiff, The Huntington National Bank ("**Huntington**"), successor by merger to TCF National Bank ("**TCF**") and Chemical Bank ("**Chemical**"), through its attorneys, Plunkett Cooney, for its Complaint, states:

## COMMON ALLEGATIONS

1.    Plaintiff Huntington is a national banking association which is a citizen of Ohio, and which maintains its principal offices at 41 South High Street, Columbus, Ohio.

2.    Huntington is the successor by merger to TCF, which was the successor by merger to Chemical.

3. Defendant Pere Marquette Builders, L.L.C. ("**PMB**") is a Michigan limited liability company, which is a citizen of Michigan, maintaining its principal offices at 913 S. Washington Street, Suite A, Ludington, Michigan, and whose resident agent, manager and sole member is Scot Latimer ("**Latimer**").

4. Defendant Latimer is an individual is who is a citizen of Michigan, maintaining a domicile at 5681 W. John Street, Ludington, Michigan.

5. Defendant Quality Construction and Excavation, Inc. ("**Quality**") is a Michigan corporation which is a citizen of Michigan, maintaining its principal offices at 23820 W. US-10 Highway, Reed City, Michigan.

6. Jurisdiction over this matter properly rests within this Honorable Court pursuant to 28 U.S.C. §1332(a)(1). The amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2).

## COUNT I

## **BREACH OF $42,000.00 NOTE**

8. Huntington incorporates the foregoing paragraphs by reference with the same force and effect as if fully repeated.

9. On October 1, 2018, PMB and Latimer jointly and severally executed a promissory note in favor of Chemical, which is now held by Huntington, in the principal sum of $42,000.00 ("**Note A**").  **Exhibit 1**.

10. PMB and Latimer failed to repay the outstanding balances owed pursuant to Note A as and when agreed.

11. Huntington made demand of PMB and Latimer for the immediate repayment of the outstanding balance owed pursuant to Note A, but PMB and Latimer have failed to honor the demand.

12. As of September 29, 2023, a principal balance of $24,294.09 was owed by PMB and Latimer, jointly and severally, to Huntington pursuant to Note A, together with unpaid interest of $238.89, a prepayment fee of $242.94, and late charges of $23.41, for a total of $24,799.33, exclusive of additional contractually agreed upon costs and fees.

13. Pursuant to the terms of Note A, PMB and Latimer jointly and severally agreed to reimburse Chemical (and now Huntington) for its costs and attorneys' fees incurred in conjunction with the enforcement of its rights thereunder.

WHEREFORE, Huntington prays that this Honorable Court enter judgment in its favor and against PMB and Latimer, jointly and severally, in the sum of $24,799.33, together with additional interest, costs and attorneys'

fees incurred in conjunction with the administration of the loan relationship, and interest from and after September 29, 2023.

## COUNT II

## BREACH OF $225,000.00 NOTE

14. Huntington incorporates the foregoing paragraphs by reference with the same force and effect as if fully repeated.

15. On December 6, 2017, PMB executed a promissory note in favor of Chemical, which is now held by Huntington, in the principal sum of $225,000.00, as modified by an Amendment to Note dated effective as of December 6, 2018 (collectively, "**Note B**").  **Exhibits 2 and 3**.

16. PMB failed to repay the outstanding balances owed pursuant to Note B as and when agreed.

17. Huntington made demand of PMB for the immediate repayment of the outstanding balance owed pursuant to Note B, but PMB has failed to honor the demand.

18. As of September 29, 2023, a principal balance of $217,500.00 was owed by PMB to Huntington pursuant to Note B, together with unpaid interest of $86,922.94, and fees of $1,928.00, for a total of $306,350.94, exclusive of additional contractually agreed upon costs and fees.

19.     Pursuant to the terms of Note B, PMB agreed to reimburse Chemical (and now Huntington) for its costs and attorneys' fees incurred in conjunction with the enforcement of its rights thereunder.

WHEREFORE, Huntington prays that this Honorable Court enter judgment in its favor and against PMB in the sum of $306,350.94, together with additional interest, costs and attorneys' fees incurred in conjunction with the administration of the loan relationship, and interest from and after September 29, 2023.

## COUNT III

## BREACH OF $47,200.00 NOTE

20.     Huntington incorporates the foregoing paragraphs by reference with the same force and effect as if fully repeated.

21.     On October 27, 2017, PMB executed a promissory note in favor of Chemical, which is now held by Huntington, in the principal sum of $47,200.00 ("**Note C**").  **Exhibit 4**.

22.     PMB failed to repay the outstanding balances owed pursuant to Note C as and when agreed.

23.     Huntington made demand of PMB for the immediate repayment of the outstanding balance owed pursuant to Note C, but PMB has failed to honor the demand.

24. As of September 29, 2023, a principal balance of $27,262.29 was owed by PMB to Huntington pursuant to Note C, together with unpaid interest of $703.90, late charges of $51.42, and fees of $34.00, for a total of $28,051.61, exclusive of additional contractually agreed upon costs and fees.

25. Pursuant to the terms of Note C, PMB agreed to reimburse Chemical (and now Huntington) for its costs and attorneys' fees incurred in conjunction with the enforcement of its rights thereunder.

WHEREFORE, Huntington prays that this Honorable Court enter judgment in its favor and against PMB in the sum of $28,051.61, together with additional interest, costs and attorneys' fees incurred in conjunction with the administration of the loan relationship, and interest from and after September 29, 2023.

## COUNT IV

## **BREACH OF THE GUARANTY**

26. Huntington incorporates the foregoing paragraphs by reference with the same force and effect as if fully repeated.

27. In consideration of the extensions of credit to PMB, on October 27, 2017, Latimer executed a Commercial Guaranty of repayment of the indebtedness of PMB to Chemical, which is now held by Huntington (the "**Guaranty**").  **Exhibit 5**.

28. As set forth above, PMB is in default of its obligations to Huntington pursuant to Notes B and C.

29. Huntington made demand of Latimer for the immediate repayment of the outstanding balances owed pursuant to the Guaranty of repayment of Notes B and C, but Latimer has failed to honor the terms of the Guaranty.

30. As of September 29, 2023, an aggregate principal balance of $244,762.29 was owed by Latimer pursuant to the Guaranty of Notes B and C, together with unpaid interest of $87,626.84, fees of $1,962.00, and late charges of $51.42, for a total of $334,402.55, exclusive of additional contractually agreed upon costs and fees.

31. Pursuant to the terms of the Guaranty, Latimer agreed to reimburse Chemical, and now Huntington, for all costs and fees incurred in connection with the enforcement of its rights thereunder.

WHEREFORE, Huntington prays that this Honorable Court enter judgment in its favor and against Latimer in the sum of $334,402.55, together with its costs and attorneys' fees incurred in conjunction with the collection of the amounts due, and interest from and after September 29, 2023.

## COUNT V

## **JUDICIAL FORECLOSURE**

32. Huntington incorporates the foregoing paragraphs by reference with the same force and effect as if fully repeated.

33. In consideration of the extensions of credit, and to secure the repayment of Notes A, B and C, on October 27, 2017, PMB executed a mortgage in favor of Chemical, which is now held by Huntington, encumbering real property commonly known as vacant land on Sherman Road in Ludington, Michigan (the "**2017 Sherman Road Property**"), which was recorded by the Mason County Register of Deeds on October 31, 2017 as Document 2017R06082 (the "**2017 Mortgage**").  **Exhibit 6**.

34. In consideration of the extensions of credit, and to secure the repayment of Notes A, B and C, on October 1, 2018, PMB executed a mortgage in favor of Chemical, which is now held by Huntington, encumbering real property commonly known as vacant land on Sherman Road in Ludington, Michigan (the "**2018 Sherman Road Property**"), which was recorded by the Mason County Register of Deeds on October 4, 2018 as Document 2018R05455 (the "**2018 Mortgage**," and together with the 2017 Mortgage, the "**Mortgages**").  **Exhibit 7**.

35. Upon the default of PMB, Huntington has the right to foreclose the Mortgages, either by advertisement or judicially.

36. No proceeding at law has been instituted to recover the debt evidenced by Notes A, B and C and the Guaranty and secured by the Mortgages, or any part of it, and no part of the debt has been collected or paid.

37. The legal description of the 2017 Sherman Road Property is:

> Land situated in the Township of Hamlin, County of Mason, State of Michigan, to wit:
>
> A part of the South 3/4 of the Southeast 1/4 of the Northwest 1/4 EXCLUDING the South 10 acres: Commencing at the North 1/4 corner of Section 26, Town 19 North, Range 18 West, Hamlin Township, Mason County, Michigan; thence South 00°47'30! East 1972.04 feet to the point of beginning; thence continuing on the North-South 1/4 line South 00°47'30! East 328.67 feet; thence North 89°26'09! West 1312.45 feet; thence North 00°47'57! West 330.68 feet; thence South 89°20'54! East 1312.54 feet to the point of beginning.
>
> Tax ID # 007-026-024-40

38. The legal description of the 2018 Sherman Road Property is:

> Land situated in the Township of Hamlin, County of Mason, State of Michigan, to wit:
>
> Commencing at the North 1/4 corner of Section 26, Town 19 North, Range 18 West; thence South 00 degrees 47 minutes 30 seconds East, 1643.37 feet to the Point of Beginning; thence continuing on the North-South 1/4 line, South 00 degrees 47 minutes 30 seconds East 328.67 feet; thence North 89 degrees 20 minutes 54 seconds West, 1312.54 feet; thence North 00 degrees 47 minutes 57

    seconds West, 330.68 feet; thence South 89 degrees 15 minutes 40 seconds East, 1312.62 feet to the Point of Beginning.

    Tax ID # 007-026-024-01

  39. Upon information and belief, Quality may have recorded liens upon the 2017 Sherman Road Property and the 2018 Sherman Road Property, which are subordinate to the priority of the Mortgages.

  **WHEREFORE**, Huntington prays that this Honorable Court:

  A. Determine the amount due to Huntington pursuant to Notes A, B and C, and the Guaranty, and enter a judgment for such amount in favor of Huntington and against PMB and Latimer, jointly and severally, together with its expenses, actual attorney fees and other costs; and,

  B. Upon the failure of PMB and Latimer to pay such amount to Huntington, order that the 2017 Sherman Road Property and the 2018 Sherman Road Property be sold at public sale to the highest bidder, pursuant to the applicable statutes; and,

  C. Provide that, subsequent to the foreclosure sale, and the running of any period of redemption, upon the failure of PMB and Latimer to pay the indebtedness determined by this Court to be due to Huntington, PMB and all parties claiming from or under it be foreclosed and barred from any and all

equity of redemption and all claims of, in and to the 2017 Sherman Road Property and the 2018 Sherman Road Property; and,

  D. Order PMB and all parties claiming from or under it, or who have otherwise come into possession of the 2017 Sherman Road Property and/or the 2018 Sherman Road Property or any portion thereof, during the pendency of this suit, to deliver and yield possession of the 2017 Sherman Road Property and/or the 2018 Sherman Road Property upon production or authentication of the deed to be executed pursuant to such sale, and a certified copy of the order of judgment confirming the report of such sale, after such order of judgment has become absolute; and,

  E. Order the net proceeds received from such public sale to be paid to Huntington in satisfaction, or in partial satisfaction, of the amount determined to be due to Huntington pursuant to Notes A, B and C, and the Guaranty, with any surplus realized from the sale to be disposed of and distributed as the Court may direct; and,

  F. Grant Huntington such other relief as may be deemed fair and equitable.

## COUNT VI

## **APPOINTMENT OF RECEIVER**

40.     Huntington incorporates the allegations set forth above by reference, with the same force and effect as if fully repeated.

41.     Upon information and belief, the value of the 2017 Sherman Road Property and the 2018 Sherman Road Property is less than the balances owed to Huntington pursuant to Notes A, B and C and the Guaranty.

42.     Based upon the foregoing, Huntington is entitled to the appointment of a receiver for the 2017 Sherman Road Property and the 2018 Sherman Road Property.  See, *e.g.,* MCL §554.1016(2)(d).

WHEREFORE, Huntington prays that this Honorable Court enter an order :

A.      Appointing a receiver for the 2017 Sherman Road Property and the 2018 Sherman Road Property for the purposes of preventing waste, and the enforcement and performance of the provisions of Notes A, B and C, the Mortgages, and other related documents; and,

B.      Authorizing the receiver to take possession of the 2017 Sherman Road Property and the 2018 Sherman Road Property, and the rents and income derived therefrom; to do all things necessary or appropriate to obtain maximum realization therefrom; to preserve and protect same, and to exercise

such control and management of the 2017 Sherman Road Property and the 2018 Sherman Road Property, including but not limited to repair, maintenance, payment of taxes, insurance and indebtedness owed to Huntington, as the Court may direct, pursuant to the provisions of the applicable documents and law; and,

    C.    Requiring PMB to turn over to the receiver all income from the 2017 Sherman Road Property and the 2018 Sherman Road Property, from and after the date of default, except to the extent such income was used for the operation, management and maintenance thereof; and,

    D.    Enjoining PMB, Latimer and all persons and entities acting by, through or in concert with either of them, from interfering in any manner with the receiver's operation and management of the 2017 Sherman Road Property and the 2018 Sherman Road Property and any other collateral securing repayment of the indebtedness owed to Huntington; the collection of rents or other income generated by the 2017 Sherman Road Property and the 2018 Sherman Road Property or any other collateral securing repayment of the indebtedness owed to Huntington; or, the receiver's performance of any other powers or duties conferred upon the receiver by this Court, all during the pendency of this action, and until the sale of the 2017 Sherman Road Property and the 2018 Sherman Road Property, redemption of the 2017 Sherman Road

13

Property and the 2018 Sherman Road Property or the expiration of the period of redemption, as applicable; and, to grant the receiver such other authority as the Court may deem fair and equitable; and,

  E. Granting Huntington such other relief as the Court deems appropriate.

            Plunkett Cooney

            By: <u>/s/Douglas C. Bernstein (P33833)</u>
            Douglas C. Bernstein (P33833)
            Attorneys for Plaintiff
            38505 Woodward Avenue
            Suite 100
            Bloomfield Hills, MI 48304
            (248) 901-4000
            <u>dbernstein@plunkettcooney.com</u>

            Lisa A. Hall (P70200)
            333 Bridge St. NW
            Suite 530
            Grand Rapids, MI 49504
            (616) 752-4615
            <u>lhall@plunkettcooney.com</u>

Dated: October 17, 2023

Open.01491.32658.31903048-1